UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

DAMEION FARRAR YOUNG,
        *Defendant-Appellant.*

No. 01-4807

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-00-42)

Submitted: July 18, 2002

Decided: July 25, 2002

Before WIDENER, LUTTIG, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Amy E. Ray, Asheville, North Carolina, for Appellant. Gretchen C.F. Shappert, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Dameion Farrar Young appeals from the 108-month sentence imposed upon his guilty plea to conspiracy to possess with intent to distribute, and possession with intent to distribute, crack cocaine, 21 U.S.C.A. §§ 841, 846(a)(1) (West 1999). At sentencing, the district court reduced Young's offense level by two levels based on its finding that he had a minor role in the offense. *U.S. Sentencing Guidelines Manual*, § 3B1.2(b) (2000). On appeal, Young claims that the district court erred in denying him an additional two-level reduction for having a minimal role in the offense. *See* USSG § 3B1.2(a).

The sentencing court's determination of a defendant's role in the offense is reviewed for clear error. *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998). A defendant has a minimal role in a concerted criminal activity if he is among the least culpable of those involved in the conduct of the group. USSG § 3B1.2, comment. (n.1). A minimal role is indicated by a "defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others . . . ." (*Id.*). The defendant has the burden of showing by a preponderance of the evidence that he is entitled to a mitigating role adjustment. *United States v. Akinkoye*, 185 F.3d 192, 202 (4th Cir. 1999).

The evidence presented to the district court established that Young lived with one of the leaders of the conspiracy, who would sometimes pay his bets with Young in crack cocaine, which Young would, in turn, sell to crack addicts. This court has held that a defendant who sells drugs is not entitled to a mitigating role adjustment. *United States v. Brooks*, 957 F.2d 1138, 1149 (4th Cir. 1992). Therefore, the district court did not clearly err in failing to find that Young had a minimal role. Accordingly, we affirm Young's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*